## Herbert v. Reddy.

*Real estate—Contract for sale of—Rescission—Withdrawing deposit.*

Where one contracting to purchase real estate deposits the purchase money with a trust company, with a direction to make settlement for him upon receipt of a properly executed deed, the purchaser cannot thereafter withdraw the money if a deed is executed and delivered to the trust company within a reasonable time.

Motion by plaintiffs for a new trial. C. P. Delaware Co., June T., 1917, No. 397.

*W. R. Fronefield,* for motion; *J. E. McDonough,* contra.

BROOMALL, J., Nov. 26, 1921.—The questions involved in this case are these: If an owner of real estate agrees to sell it to a buyer and to convey it to his nominees upon the payment of the purchase money, and the buyer agrees to pay the purchase money on the delivery of deeds, and they come to a trust company to carry out their contract, and, in pursuance thereof, the buyer deposits with the trust company the purchase money to be paid to the seller upon the execution of deeds and delivery of them to the trust company, and the trust company is directed to prepare deeds and the seller executes a contract in writing for the sale of the real estate to the buyer—

1. Can the buyer withdraw the deposit after the execution and delivery of deeds to the trust company by the seller to the buyer?

2. Can the buyer withdraw the deposit before the expiration of a reasonable time after the execution of such deeds?

These questions arise out of the following circumstances: The plaintiff and defendant negotiated with respect to the purchase and sale of certain lots of land. The result of their negotiations was reduced to writing, and on Feb. 5, 1917, they went to the Cambridge Trust Company for the purpose of carrying out their negotiations, and they there executed a contract for the sale and conveyance of the lots of land upon the payment of the purchase money, $962. At the same time the plaintiff deposited with the trust company, at the suggestion of the defendant, the sum of $962, accompanied by this letter:

"Beg to hand you herewith in cash the sum of nine hundred and sixty-two dollars, with which you are to make settlement of my purchase from William H. Reddy of property at Garden City, designated, etc., etc. You are to pay this money to Mr. Reddy and make settlement for me only upon receipt of properly executed deeds to Sarah E. Herbert for lots 13 and 14 in Block J, and properly executed deed to Joseph Franklin Herbert for lots Nos. 15 and 16 in Block J.                    Very truly yours, H. J. HERBERT."

The following receipt was subjoined to this:

"Received at Chester, Pa., 2–5–17, the above-mentioned nine hundred and sixty-two dollars for above settlement.

Cambridge Trust Company, W. S. BLAKELEY, Jr.,
Assistant Trust Officer."

Orders were given to prepare the deeds, and they were promptly prepared.

It appeared that on Feb. 8, 1917, the deeds having been prepared, they were executed by the defendant and in the hands of the trust company, awaiting execution by the attorney-in-fact for the defendant's wife. On that day the plaintiff demanded of the trust company a return of his money. The attorney-in-fact for defendant's wife executed the deeds on the same day very close in time to the plaintiff's demand. It was difficult to determine which preceded the other. This question was left to the jury with directions that if they found that the deeds were fully executed and in the hands of the trust company before plaintiff demanded the return of the money, their verdict should be for the defendant.

We were of the opinion on the trial, and so instructed the jury, that even if the demand for the money preceded the full execution of the deeds, yet, if the deeds were executed within a reasonable time, the defendant was entitled to their verdict. The question of reasonable time was referred to the jury.

By the plaintiff's paper of Feb. 5, 1917, the defendant acquired the interest of a conditional beneficiary in the deposit. There was no power of revocation reserved. The defendant had gone forward with the resolution of the condition by executing the contracts of sale, and by at least executing the deeds in the hands of the trust company himself. No question was raised but that this was done within a reasonable time. No question was raised but that the full execution of the deeds was done within a reasonable time. Under these circumstances, we were of the opinion that the plaintiff had no right to a return of his money.

By the pleadings, the question to be determined by the jury was to whom this money belonged. The trust company having been sued by both the plaintiff and the defendant, applied to the court, disavowing any interest, for an interpleader issue. In pursuance of this, the above stated issue was granted. The jury were instructed that if they were of opinion with the plaintiff, their verdict should be that they found that the money belonged to the plaintiff. On the other hand, if they were with the defendant, their verdict should be in his favor, finding the money belonged to the trust company to carry out the terms of the mandate of the plaintiff of Feb. 5, 1917. It was thought best

1 D. & C.

to have the verdict, if it was in favor of the defendant, put in this form, so that the completed settlement could be made by them with the defendant. No one but the defendant can complain of this.

The plaintiff's motion for a new trial is refused.

From A. B. Geary, Chester, Pa.